# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY FAY METER,<br><br>Defendant. | Case No.  CR 19-410-DMG<br><br>ORDER OF DETENTION<br><br>[18 U.S.C. §§ 3143(a), 3148(b)] |

I.

On September 5, 2019, Defendant Ashley Meter made her initial appearance, following her arrest, on the indictment in this case.  The Court appointed Deputy Federal Public Defender Elena Sadowsky to represent Defendant.  Defendant was released on a $15,000 appearance bond with an affidavit of surety without justification to be signed by a responsible third party, and ordered to submit to Pretrial Supervision and comply with conditions of

release, including that she not use or possess illegal drugs, submit to drug testing and participate in residential drug treatment. (Dkt. No. 14).

After Defendant successfully completed a residential drug treatment program on December 24, 2019, she failed to report to Pretrial Services, a bench warrant was issued and Defendant was a fugitive from January to July 2020. On October 5, 2020, Defendant was accepted into the CASA program and on October 30, 2020, Defendant was released on the bond conditions previously imposed in addition to location monitoring and mental health treatment. On July 11, 2022, Defendant was terminated from the CASA program due to ongoing violations but was permitted to remain on bond until her sentencing date.

## II.

On October 6, 2022, the District Judge referred the Pretrial Services Violation Report and request for a hearing ordering Defendant to show cause why her bond should not be revoked to this Court for determination. (Dkt. Nos. 233, 235-236).

A hearing was held on October 13, 2022. The Court, having reviewed the files and records in this matter, including the Pretrial Services' report, dated October 13, 2022, and the recommendation that Defendant be remanded into custody, the report of pretrial violations issued on October 5, 2022, and the previously issued reports of pretrial violations, which are dated December 14, 2020, September 22, 2021, November 2, 2021, and June 6, 2022, and having considered the arguments from counsel and the recommendation from Pretrial Services that Defendant be remanded, the Court finds, pursuant to 18 U.S.C. § 3148(b), as follows:

1. Based on the factors set forth in 18 U.S.C. § 3142(g), there is no longer is any condition or combination of conditions of release that will assure that the

defendant will not flee or pose a danger to the community or to others if allowed to remain on bail pending future court proceedings.

2.  Defendant has admitted the allegations of noncompliance with the conditions of pretrial release: (1) failure to contact Pretrial Services on or about September 20, 2022 as ordered; (2) failure to abide by the conditions of the Location Monitoring program as ordered on September 20,. 2022, and October 2, 2022; and (3) failure to provide a urine sample when instructed to do so.

The Court finds that there is now a change in circumstances which justifies reconsideration of the decision to allow Defendant to remain on release. The Court now finds that, under the current circumstances, clear and convincing evidence does not exist to show that the Defendant is not likely to flee or pose a danger to the community or to others if allowed to remain on bail.

### III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending her next court date for sentencing.

Dated: October 13, 2022

                                                      /s/
                                      ALKA SAGAR
                      UNITED STATES MAGISTRATE JUDGE